UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

WILLIAM WHEELER,

        Petitioner,

-against-               9:18-CV-1226 (LEK/CFH)

JAMES LAMANNA,

        Respondent.

## MEMORANDUM-DECISION AND ORDER

**I. INTRODUCTION**

On October 15, 2018, Petitioner William Wheeler filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1 ("Petition"). On July 7, 2024, the Honorable Christian F. Hummel, United States Magistrate Judge, issued a report and recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c) recommending that the Court deny the Petition. Dkt. No. 28 ("Report and Recommendation") at 47.

No party has filed objections to the Report and Recommendation. For the reasons that follow, the Court adopts the Report and Recommendation in its entirety. The Petition is dismissed.

**II. BACKGROUND**

The Court presumes familiarity with the factual allegations detailed in the Report and Recommendation. *See* R. & R. at 2–13.

In the Report and Recommendation, Judge Hummel first assessed Petitioner's Fourth Amendment claim. *Id.* at 14–19. Judge Hummel found that the Supreme Court's holding in *Stone v. Powell*, 428 U.S. 465 (1976) bars habeas corpus review. *See* R&R at 15–16. Moreover,

1

"because New York State provided [P]etitioner with a corrective procedure to redress his Fourth Amendment claims, and because he has not demonstrated that an 'unconscionable breakdown' occurred in the courts below," Judge Hummel found that none of the exceptions to the rule in *Stone v. Powell* applied. *Id.* at 19. Thus, Judge Hummel concluded that the Court cannot review Petitioner's Fourth Amendment claim, and he recommended that it be dismissed. *Id.*

Next, Judge Hummel evaluated Petitioner's two Sixth Amendment claims. *Id.* at 19–31. First, Judge Hummel recommended that Petitioner's speedy trial claim be dismissed as procedurally barred for failure to exhaust state court remedies. *Id.* at 25. He also denied Petitioner's claim on the merits because Petitioner waived his speedy trial rights and failed to show that any delay caused prejudice. *Id.* at 27. Second, Judge Hummel recommended that Petitioner's claim of ineffective assistance of counsel be dismissed as procedurally barred, because Petitioner failed to exhaust state court remedies. *Id.* at 27–28. He also denied this claim on the merits, because the representation by Petitioner's counsel "d[id] not fall below an objective standard of reasonableness" and Petitioner "does not appear to have had a viable claim that he was convicted following a violation of his Sixth Amendment right to a speedy trial." *Id.* at 30.

Judge Hummel then assessed Petitioner's due process claims. *Id.* at 31–44. First, Judge Hummel found that Petitioner's claim of judicial bias is "unexhausted and procedurally defaulted," *id.* at 32, and that it failed on the merits because "[P]etitioner presents no evidence demonstrating that [the trial court judge] was biased against him," *id.* at 33. Second, Judge Hummel found that many of Petitioner's claims of prosecutorial misconduct were unexhausted and procedurally defaulted. *Id.* at 35. Regardless, all of "his claims [were] meritless." *Id.* at 35.

Lastly, Judge Hummel evaluated Petitioner's claim that his conviction was not supported by "legally-sufficient evidence." *Id.* at 44. Judge Hummel recommended that this claim also be dismissed, because Petitioner has not established that the Appellate Division's rejection of this claim "is contrary to, or an unreasonable application of, clearly-established federal precedent." *Id.* at 45–46.

Ultimately, Judge Hummel recommended that the Petition be dismissed in its entirety. *Id.* at 47.

### III. LEGAL STANDARD

"Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1)(C); *see also* L.R. 72.1. However, if no objections are made, a district court need only review a report and recommendation for clear error. *See DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) ("The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record."). Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." *Rivera v. Fed. Bureau of Prisons*, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019) (cleaned up). Upon review, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### IV. DISCUSSION

No party objected to the Report and Recommendation within fourteen days after being served with a copy of it. Accordingly, the Court reviews the Report and Recommendation for

clear error. *See DiPilato*, 662 F. Supp. 2d at 339. Having found none, the Court approves and adopts the Report and Recommendation in its entirety.

V. **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 28, is **APPROVED and ADOPTED** in its entirety; and it is further

**ORDERED**, that the Petition, Dkt. No. 1, is **DENIED** in its entirety; and it is further

**ORDERED**, that no certificate of appealability be issued with respect to any of Petitioner's claims because Petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2); and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   December 30, 2024
         Albany, New York

LAWRENCE E. KAHN
United States District Judge